IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00107-BNB

THANH TRAN,

Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 11 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

1. Background

Applicant Thanh Tran is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Tran initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the Jefferson County District Court in Case No. 93CR519. In an order filed on May 6, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 21, 2008, Respondents filed an Answer, and on June 16, 2008, Mr. Tran filed a Reply to the Answer.

Mr. Tran asserts that on February 23, 1996, following a jury trial, he was found guilty of five counts of aggravated robbery, one count of second degree burglary, one

count of third degree assault, five counts of a crime of violence, five counts of accessory to a crime, and five counts of a crime of violence and was sentenced to a total of fifty years of incarceration on March 29, 1996. (Application at 1-2.) Mr. Tran states that he filed a direct appeal, in which the Colorado Court of Appeals affirmed his conviction on November 27, 1997, and the Colorado Supreme Court denied his petition for writ of certiorari issuing a mandate on September 3, 1998. (Application at 3.)

Mr. Tran further asserts that he filed a Colo. R. Crim. P. 35(b) postconviction motion on August 23, 2001, which was denied by the state district court on December 10, 2001. (Application at 4.) He also states that the Colorado Court of Appeals affirmed the district court denial and that he filed an appeal with the Colorado Supreme Court, but he does not know the date of the supreme court's decision. (Application at 4.)

In the Answer, Respondents assert that Mr. Tran's conviction was affirmed on appeal and his petition for certiorari review was denied on August 26, 1998. (Answer at 3.) Respondents further assert that Mr. Tran filed a Colo. R. Crim. P. 35(b) postconviction motion on December 23, 1998, which was denied on March 16, 1999, by the state district court, and that Mr. Tran did not file an appeal. (Answer at 3.) Respondents also assert that Applicant filed a Colo. R. Crim P. 35(c) postconviction motion on August 23, 2001, which the state district court denied on December 10, 2001, and the Colorado Court of Appeals affirmed the denial on March 31, 2003, issuing a mandate on June 2, 2003, after Applicant failed to petition for certiorari review. (Answer at 3-4.)

Respondents also state that Mr. Tran filed a second Rule 35(c) postconviction motion on July 29, 2005, which the state district court denied on September 29, 2005, for untimeliness. (Answer at 4.) Respondents further state that the Colorado Court of Appeals affirmed the district court's denial on May 17, 2007, and the Colorado Supreme Court denied Mr. Tran's petition for certiorari review on October 29, 2007. (Answer at 4.)

II. Analysis

The Court must construe liberally Mr. Tran's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right

3

> asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents maintain that Mr. Tran's conviction became final on November 24, 1998, ninety days after the Colorado Supreme Court denied his petition for certiorari review in his direct appeal. (Answer at 6.) They further assert that Mr. Tran filed a Rule 35(b) on December 23, 1998, that the motion was denied on March 16, 1999, and that Mr. Tran then had forty-five days to appeal the denial. (Answer at 6.) Respondents contend that the one-year limitation was tolled until April 30, 1999, with the exception of the twenty-nine days between when Applicant's conviction became final and he filed a postconviction motion. (Answer at 6.) Respondents also contend that Mr. Tran had until March 31, 2000, before he would be time-barred under § 2244(d) from filing a federal habeas petition and that Mr. Tran did not file his next postconviction motion until August 23, 2001. (Answer at 6.) Respondents, therefore, conclude that counting the time from when Mr. Tran's conviction became final on November 24, 1998, until December 23, 1998, when he filed his Rule 35(b) postconviction motion and from April

4

30, 1999, when his postconviction motion became final, until August 23, 2001, when he filed his next postconviction motion, the time is greater than the one-year time limitation set forth under § 2244(d). (Answer at 6.)

In the Reply, Mr. Tran asserts that his conviction became final on January 9, 1999, 180 days after the Colorado Supreme Court denied his petition for certiorari review in his direct appeal. (Reply at 1.) Mr. Tran further asserts that he filed the Rule 35(b) motion on December 23, 1998, and that although he did not file an appeal he had from March 16, 1999, until May 1, 1999, forty-five days, to appeal. Applicant also contends that on June 27, 2001, he filed a 28 U.S.C. § 2254 application in this Court, but he voluntarily dismissed the application on August 16, 2001, because he had not exhausted his state court remedies. (Reply at 1-2.) Mr. Tran further asserts that less than thirty days after the previous § 2254 application was dismissed, on August 23, 2001, he filed a Rule 35(c) postconviction motion. (Reply at 2.) He also states that the motion was denied by the state district court on December 10, 2001, and that the Colorado Court of Appeals affirmed the denial on March 31, 2003, and issued a mandate on June 2, 2003. (Reply at 2.)

In the Reply, Mr. Tran agrees with Respondents that he had a postconviction motion pending in state court from July 29, 2005, until November 5, 2007. (Reply at 2.) He contends, however, that under Colo. App. R. 41 he had fourteen days from the issuance of the mandate or until November 19, 2007, to file a petition for rehearing. (Reply at 2.) Applicant further contends that he filed the instant Application on December 26, 2007, the date he delivered the Application to prison officials for mailing to this Court. (Reply at 2.)

5

First, the Court finds that Mr. Tran's conviction and sentence became final on November 24, 1998. Although Mr. Tran did not file a petition for a writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied his petition for certiorari review to do so. *See* Sup. Ct. R. 13. In accordance with the state court record, submitted by Respondents in Exhibit A of the Answer, Mr. Tran's petition for writ of certiorari was denied on August 26, 1998. Therefore, figuring from August 27, 1998, the day after the writ for certiorari was denied, his conviction became final November 24, 1998, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Tran and Respondents agree that Mr. Tran filed a Rule 35(b) postconviction motion on December 23, 1998, and that the motion was denied on March 16, 1999. Both parties also agree that Mr. Tran had forty-five days to appeal the district court ruling. Although Mr. Tran contends that he had until May 1, 1999, to appeal the Rule 35(b) motion, he is incorrect. The forty-five days, as Respondents assert, ran on April 30, 1999. Mr. Tran and the Respondents also concur that he filed his next postconviction motion on August 23, 2001. Therefore, Mr. Tran did not have a postconviction motion or collateral proceeding pending in state court from May 1, 1999, the day after the time ran for Applicant to appeal the ruling in his Rule 35(b) postconviction motion, until August 22, 2001, the day prior to when he filed his second postconviction motion.

Mr. Tran also did not have a postconviction motion or collateral proceeding pending in state court from May 15, 2003, the day after his Rule 35(c) postconviction motion became final,[1] until July 28, 2005, the day prior to when he filed a second Rule 35(c) postconviction motion. Finally, Mr. Tran also did not have a postconviction motion or collateral proceeding pending in state court from November 16, 2007,[2] the day after Mr. Tran may have petitioned for a rehearing of the Colorado Supreme Court's denial of his petition for certiorari review in his second Rule 35(c) postconviction motion, until at the earliest December 25, 2007, the day prior to when he dated and signed the instant Application and delivered the Application to prison officials for mailing to the Court. The time during which Mr. Tran did not have a postconviction motion or collateral proceeding pending in state court is well over four years.

Mr. Tran does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application which were created by state action.

---

[1] In accordance with Colorado Appellate Rules 40 and 52, Applicant had forty-four days to file a petition for writ of certiorari with the Colorado Supreme Court after the denial of his postconviction motion was affirmed on appeal. Since he did not file a petition for certiorari review the Rule 35(c) postconviction motion became final on May 14, 2003, forty-four days after judgment was entered.

[2] The denial of certiorari review was entered on the record on November 1, 2007. Mr. Tran had fourteen days from November 1, 2007, to petition for rehearing. *See Serrano v. Williams*, 383 F.3d 1183, 1184-85 (10th Cir. 2004).

The Court, therefore, finds that the one-year limitation period began to run on November 25, 1998, the day after his conviction and sentence became final. Mr. Tran did not have a postconviction motion pending in state court from November 25, 1998, until December 22, 1998, from May 1, 1999, until August 22, 2001, from May 15, 2003, until July 28, 2005, and from November 16, 2007, until December 25, 2007, a total time of over four years. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Tran bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

In the Reply, Applicant asserts that equitable tolling applies because (1) he was not aware of the filing requirements, (2) he was diligent in pursuing his claims, and (3) there is no prejudice to Respondents. (Reply at 2.) Mr. Tran further asserts that he filed a state postconviction motion within thirty days of the dismissal of his previous

8

§ 2254 application. (Reply at 3.) He also asserts that he had no reason to know that he was required to file a federal habeas petition within one-year of when his conviction became final, and that nothing in the court order dismissing his previous habeas indicated he was required to bring his state proceeding by a certain deadline. (Reply at 4.) Mr. Tran further asserts that he is Vietnamese and is not fluent in the English language or in the complexities of the law. (Reply at 4.) Finally, Mr. Tran contends that he diligently pursued his claims and did not disregard a known deadline. (Reply at 5.)

The Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Furthermore, a lack of proficiency in the English language alone does not state an extraordinary circumstance that would justify equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008).

Mr. Tran was able to present three separate postconviction motions in state court and has presented intelligible pleadings in the instant action. Mr. Tran fails to assert a basis for equitable tolling with respect to his ignorance of the law and his lack of proficiency in the English language. Mr. Tran's alleged need for assistance in understanding the legal process is common for the majority of *pro se* prisoners whether or not they are deficient in the English language. *Id.*

As for Mr. Tran's claim that he has diligently pursued his claims, the Court finds that he waited over two years after his Rule 35(b) postconviction motion was denied to file either a § 2254 application in this Court or a Rule 35(c) postconviction motion in

state court. He also waited another two years after his first Rule 35(c) postconviction motion was denied to file a second postconviction motion. Furthermore, at the time he filed the previous § 2254 application on June 27, 2001, he already was time-barred under § 2244(d).

Mr. Tran fails to assert how he was diligent in pursuing his claims other than that he was unaware of the time limitations associated with filing a habeas petition. The Court finds that Mr. Tran fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

The Court also notes that in 2004, the United States Supreme Court found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Applicant did file a motion for stay of proceedings in his previous § 2254 application. *See Tran v. Reid*, No. 01-cv-01276-ZLW, Doc. No. 1 (D. Colo. August 16, 2001) (unpublished). The court, however, did not address the motion for stay in Case No. 01-cv-01276-ZLW because Mr. Tran voluntarily dismissed the action prior to the court reviewing the merits of the pleading.

Even if this Court were to find that *Pliler* is retroactive and applies to Applicant's previous § 2254 application, Applicant must have established "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Upon review of Applicant's previous § 2254 action and the instant action, the Court finds that he has

state court. He also waited another two years after his first Rule 35(c) postconviction motion was denied to file a second postconviction motion. Furthermore, at the time he filed the previous § 2254 application on June 27, 2001, he already was time-barred under § 2244(d).

Mr. Tran fails to assert how he was diligent in pursuing his claims other than that he was unaware of the time limitations associated with filing a habeas petition. The Court finds that Mr. Tran fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

The Court also notes that in 2004, the United States Supreme Court found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Applicant did file a motion for stay of proceedings in his previous § 2254 application. *See Tran v. Reid*, No. 01-cv-01276-ZLW, Doc. No. 1 (D. Colo. August 16, 2001) (unpublished). The court, however, did not address the motion for stay in Case No. 01-cv-01276-ZLW because Mr. Tran voluntarily dismissed the action prior to the court reviewing the merits of the pleading.

Even if this Court were to find that *Pliler* is retroactive and applies to Applicant's previous § 2254 application, Applicant must have established "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Upon review of Applicant's previous § 2254 action and the instant action, the Court finds that he has

failed to state good cause in either case. Furthermore, as found above, Mr. Tran's previous § 2254 application was time-barred at the time he submitted the application.

B. State-Court Exhaustion

Because the Court will dismiss the action as time-barred pursuant to 28 U.S.C. § 2244(d) the Court will refrain from determining whether Applicant has exhausted his state court remedies with respect to the three claims that he raises in the instant Application.

III. Conclusion

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __11__ day of __July__, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00107-BNB

Thanh Tran
Prisoner No. 89506
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215 - 1010

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/4/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk